Robert A. KOLWITZ; Nancy Kolwitz,
Plaintiffs–Appellants,

v.

LINCOLN COUNTY, OREGON, a political subdivision of the State of Oregon, by and through the LINCOLN COUNTY SHERIFF'S OFFICE, Defendant–Appellee.

No. 11–35593.

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2013.*

Filed May 23, 2013.

Robert A. Kolwitz, pro se.

Nancy Kolwitz, pro se.

Janet M. Schroer, Leslie A. Edenhofer, Hart Wagner, LLP, Portland, OR, for Defendant–Appellee.

Before: LEAVY, THOMAS, and MURGUIA, Circuit Judges.

MEMORANDUM **

Robert A. Kolwitz and Nancy Kolwitz appeal pro se from the district court's summary judgment in their 42 U.S.C. § 1983 action alleging federal constitutional violations and state law claims for defamation, false light, and intentional interference with economic relations. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Luchtel v. Hagemann*, 623 F.3d 975, 978 (9th Cir.2010), and we affirm.

The district court properly granted summary judgment on the Kolwitzes' § 1983 claim because the Kolwitzes failed to raise a genuine dispute of material fact as to whether the alleged federal constitutional violations resulted from an official custom, policy, or a failure to train. *See Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir.2007) (discussing requirements for municipal liability under § 1983); *see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.").

The district court properly granted summary judgment on the state law claims because the Kolwitzes failed to raise a triable dispute as to required elements of each of the claims. *See Cafasso*, 637 F.3d at 1061; *see also Allen v. Hall*, 328 Or. 276, 974 P.2d 199, 202 (1999) (elements of an intentional interference claim under Oregon law); *Reesman v. Highfill*, 327 Or. 597, 965 P.2d 1030, 1034 (1998) (for a statement to be actionable under Oregon law, the statement at issue must be both defamatory and false); *Muresan v. Phila. Romanian Pentecostal Church*, 154 Or. App. 465, 962 P.2d 711, 716–17 (1998) (to state a claim for false light under Oregon law, the plaintiff must establish actual malice).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam).

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We do not consider any documents that are not part of the district court record. *See* Fed. R.App. P. 10(a); *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir.1988).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.